UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
00 MAR 31 PM 2: 16
U.S. DISTRICT COURT
N.D. OF ALABAMA

TAMI BLAHA, )
)
    Plaintiff, )
)
vs. ) Civil Action No. CV-00-S-200-NE
)
DAIMLER CHRYSLER )
CORPORATION, )
)
    Defendant. )

ENTERED
MAR 31 2000

## MEMORANDUM OPINION

This action is before the court on defendant's motion to dismiss or, in the alternative, for summary judgment (Doc. No. 11). The court issued a briefing schedule relating to defendant's motion on March 7, 2000 (Doc. No. 13). Plaintiff filed a response to defendant's motion, with supporting affidavit, on March 20, 2000 (Doc. No. 14). Defendant replied to plaintiff's response on March 28, 2000 (Doc. No. 15). The motion is now ripe for adjudication. Upon consideration of the motion, briefs, affidavit, and pleadings, the court concludes this action is due to be dismissed without prejudice.

### I. BACKGROUND

This is an employment discrimination case. Plaintiff, Tami Blaha, contends defendant, Daimler Chrysler Corporation, discriminated against her based on sex in violation of Title VII of

the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended by the Civil Rights Act of 1991. More specifically, Blaha asserts her supervisor at Daimler Chrysler, Robert Wesson, subjected her to a sexually hostile work environment, which materially altered her terms and conditions of employment and led to her constructive discharge from the company.

Blaha initially filed a charge of discrimination with the Equal Employment Opportunity Commission on May 19, 1999. She amended that charge on July 26, 1999. The EEOC received a letter from Blaha's attorney on October 5, 1999, requesting a notice of right to sue. The EEOC issued that notice on October 29, 1999, just 95 days after Blaha filed her amended charge of discrimination. The EEOC's standard notice of right to sue contains a number of categories, which indicate its rationale for issuing such a notice. In Blaha's case, the EEOC explained that "[w]ith the issuance of this NOTICE OF RIGHT TO SUE, the Commission is terminating its process with respect to this ... charge." Significantly, the EEOC failed to mark another category of explanation, which reads as follows: "Less than 180 days have expired since the filing of this charge, but I have determined that the Commission will be unable ... to complete its process within 180 days from the filing of the charge."

2

Daimler Chrysler moved this court for dismissal on the basis that Blaha failed to exhaust administrative remedies. More specifically, it argued Blaha circumvented the mandatory 180-day administrative investigation period established for Title VII actions by 42 U.S.C. § 2000e-5(f)(1).[1] Further, it asserted Blaha could not justify the premature issuance of a notice of right to sue under 29 C.F.R. § 1601.28(a)(2),[2] because the EEOC had not stated on Blaha's notice "that [it] will be unable ... to complete its process within 180 days from the filing of the charge." Finally, Daimler Chrysler contended the District of Columbia

---

[1] That statute provides, in relevant part:

If a charge filed with the Commission ... is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge ... the Commission has not filed a civil action ... or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission ... shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge ....

42 U.S.C. § 2000e-5(f)(1).

[2] That regulation provides, in relevant part:

When a person claiming to be aggrieved requests, in writing, that a notice of right to sue be issued, and the charge to which the request relates is filed against a respondent other than a government, governmental agency or political subdivision, the Commission may issue such notice ... provided[] that [a designated EEOC official] has determined that it is probable that the Commission will be unable to complete its administrative processing of the charge within 180 days from the filing of the charge and has attached a written certificate to that effect.

29 C.F.R. § 1601.28(a)(2) (emphasis supplied).

3

Circuit's recent decision in *Martini v. Federal National Mortgage Association*, 178 F.3d 1336 (D.C. Cir. 1999), should convince this court that Blaha's Title VII claims are due to be dismissed without prejudice.

Blaha proffered two, independent reasons in rebuttal of Daimler Chrysler's assertions. First, she argued that the Eleventh Circuit's decision in *Sims v. Trus Joist MacMillan*, 22 F.3d 1059 (11th Cir. 1994), mandates retention of her case by this court. Second, she submitted an affidavit[3] from Cynthia G. Pierre, the Director of the EEOC's District Office in Birmingham, Alabama. The affidavit provides, in relevant part:

> 5. I am custodian of all records of this office;
>
> 6. I have reviewed EEOC's investigative file on Tami Blaha v. Daimler Chrysler, Corporation, Charge No.: 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, which was compiled and maintained in regular course of the Commission's business;
>
> ...
>
> 8. In the course of regularly conducting its business, when granting a request for a Notice of Right to Sue within less time than 180 days after the filing of the charge, it is the regular practice of the EEOC to complete the Notice of Right to Sue form by:
>
>     (a) checking the box opposite the category that provides:

---

[3] The document submitted is actually entitled "Certification," apparently in an effort to comply with 29 C.F.R. § 1601.28(a)(2).

4

> Less than 180 days have expired
> since the filing of this charge, but
> I have determined that the
> Commission will be unable be able to
> complete its process within 180 days
> from the filing of the charge; and
>
> (b) striking through the words stated in the category: "be able".
>
> 9. The EEOC's representative inadvertently omitted to check the appropriate box and strike through the appropriate words contained in the category as described in paragraph no. 8 above, during the issuance of the Notice of Right To Sue on the herein above mentioned charge ....

Blaha's submission of an affidavit effectively turned Daimler Chrysler's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) into a motion for summary judgment under Federal Rule of Civil Procedure 56.[4]

### III. DISCUSSION

A. Introduction

A plaintiff must satisfy a number of administrative prerequisites before filing a Title VII lawsuit. The United States

---

[4] Federal Rule of Civil Procedure 12(b) provides in part:

If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56.

Fed. R. Civ. P. 12(b) (last sentence).

Supreme Court has recognized, nevertheless, that a plaintiff's failure to exhaust administrative remedies does not *ipso facto* deprive a trial court of jurisdiction to hear a plaintiff's claims. *See Zipes v. Trans World Airlines*, 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982) (noting that administrative exhaustion is not a jurisdictional requirement). Rather, a plaintiff's failure to comply with administrative prerequisites is "a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Id.*

Among the requisite administrative requirements is the initial submission of a charge of discrimination to the Equal Employment Opportunity Commission. "Congress clearly intended for the EEOC and the complaining party to attempt a reconciliation of the charge of discrimination before proceeding to federal court ...." *Sims*, 22 F.3d at 1063. As stated *supra*, Congress' statutory scheme generally affords the EEOC 180 days from the date a charge is filed to determine whether it will file a civil action against the respondent, enter into a conciliation agreement with the respondent, or dismiss the charge and authorize suit in federal court by the complainant. *See* 42 U.S.C. § 2000e-5(f)(1). The issue before this court concerns the ability of a plaintiff to

initiate suit in federal court before 180 days have elapsed, based on the issuance of a notice of right to sue by the EEOC.

**B.  The Parties' Respective Case Authority**

Daimler Chrysler contends the D.C. Circuit's decision in *Martini* warrants dismissal. Blaha, on the other hand, asserts that the Eleventh Circuit's decision in *Sims* mandates denial of Daimler Chrysler's motion. Upon examination of those authorities, this court finds that neither is directly applicable here.

The *Martini* court and the *Sims* court arrived at polar opposite conclusions to the same legal question: "whether a complainant is barred from bringing an action in federal district court until 180 days after filing his complaint with the EEOC," <u>assuming</u> the EEOC has "inform[ed] the party that [it] will be unable to complete the process within 180 days from the filing of the charge and therefore is terminating its processing of the charge." *Sims*, 22 F.3d at 1060, 1061. *See also Martini*, 178 F.3d at 1342 (undertaking analysis of identical issue, by noting that "here the Commission authorized the complainant to sue upon finding it unlikely that administrative processing would resolve the charge within 180 days"). In *Sims*, the Eleventh Circuit held that "early issuance of a notice of right to sue <u>based on the Commission's certification</u>

7

<u>that it will be unable to process the charge within 180 days</u> does not preclude a claimant from filing an action in federal court ...." *Sims*, 22 F.3d at 1060 (emphasis supplied) ("When the Commission cannot process a claimant's charge within the prescribed time period and certifies that it is unable to process such charge, the avenue for a 'prompt remedy' is through the courts."). In *Martini*, the D.C. Circuit held "that Title VII complainants must wait 180 days after filing charges with the EEOC before they may sue in federal court." *Martini*, 178 F.3d at 1347 (recognizing that this holding runs counter to *Sims*, but positing that *Sims* is incorrect in light of statutory language and legislative history).

Had the facts of this case led to presentation of the identical issue addressed in *Martini* and *Sims*, this court would be bound to follow *Sims* as Eleventh Circuit precedent. That is not the case, however. Blaha filed a complaint in this court based on a premature notice of right to sue issued by the EEOC. The similarities between this case and the two appellate decisions discussed above end there, however, because the notice of right to sue did not indicate "that it is probable that the Commission will be unable to complete its administrative processing of the charge within 180 days from the filing of the charge ...." 29 C.F.R. §

8

1601.28(a)(2). Blaha attempts to account for that omission by submitting Pierre's affidavit.

### C. The Value of Pierre's Affidavit

To merit consideration as evidence submitted in opposition to summary judgment, an affidavit "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e). Pierre's affidavit is not sufficient to warrant denial of Daimler Chrysler's motion for several reasons.

First, the affidavit is not based on personal knowledge, to the extent it analyzes Blaha's <u>specific</u> charge of discrimination. As Director of the Birmingham EEOC office and custodian of its records, it cannot be questioned that Pierre has a general understanding of the receipt of charges of discrimination, the processing of those charges, and the issuance of notices of a right to sue. Her affidavit does not indicate, however, that she was personally involved in the processing of Blaha's charge.[5] Thus, the rationale behind the EEOC's decision to issue a premature notice of right to sue is unknown to this court. The text of the

---

[5] The notice of right to sue reflects that Rita W. Sterling was the EEOC representative assigned to investigate Blaha's charge.

9

notice itself does not indicate that the EEOC had determined it would be unable to process Blaha's charge within 180 days, owing to some sort of "backlog" of charges.

Second, and more importantly, Pierre's explanation of how the Birmingham EEOC office "regularly conduct[s] its business" when premature notices of a right to sue are requested by complainants or their attorneys does not appear to comport with the statutory purpose behind Title VII's administrative framework or the EEOC's Title VII regulations. Pierre's affidavit states that, when granting a request for a premature notice of right to sue, "it is the regular practice of the EEOC" to indicate that it will not be able to process a complainant's action within 180 days. Taken at face value, this statement demonstrates a "knee-jerk" mentality when the EEOC is faced with a request for a premature notice of right to sue. Premature notices should only be issued "where the EEOC determines, due to its huge backlog, that it cannot investigate an aggrieved party's charge within the 180-day period ...." *Sims*, 22 F.3d at 1061. That determination should be made on an individual, case-by-case basis. Pierre's conclusory assertion that "the EEOC's representative inadvertently omitted to check the appropriate box and strike through the appropriate words ... during the issuance of the Notice of Right To Sue on [Blaha's] charge"

10

does not meet this standard.

## IV. CONCLUSION

In sum, Blaha has not adduced enough evidence to bring the facts of her case within the ambit of the Eleventh Circuit's holding in *Sims*. Accordingly, this court finds that Blaha's claims are due to be dismissed without prejudice, for failure to comply with Title VII's administrative prerequisites. An order consistent with this memorandum opinion shall be entered contemporaneously herewith.

DONE this 31st day of March, 2000.

United States District Judge